**McKEAN, Estate of, In re.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 24656, 24657. Decided March 31, 1959.

Stanley, Smoyer & Schwartz, for appellants.

Frank H. Pelton, Anthony R. Fiorette, for appellee, Bessie F. Klegin.

**OPINION**

Per CURIAM:

This is an appeal on questions of law from a judgment in the Probate

Court of Cuyahoga County wherein it was held that a certain "Certificate of Indebtedness," with all value attached thereto, was the property of Bessie Klegin, an acceptor, and should not be included in the assets of the estate.

Harry McKean died in 1952 survived by his wife, Maude McKean. At the time of his death, he was insured by a certain insurance policy in the sum of $20,000. Mrs. McKean, pursuant to the terms of the policy, elected to leave the proceeds of the policy with the insurance company. She surrendered the policy to the company and received in exchange a "non-negotiable certificate of indebtedness" in the amount of $25,944.36. The certificate provided for payment of three per cent interest in semi-annual installments. It also provided for the withdrawal of the principal sum with limitations as to the time of such withdrawals. In addition, it included the following:

"No person entitled to any of the proceeds under this Certificate, or any instalments of interest thereon, except as otherwise herein provided, shall be permitted to commute, anticipate, encumber, alienate or assign the same or any part thereof, and; to the extent permitted by the laws of the state which may have jurisdiction over the disposition of the proceeds, no payment of principal or interest shall be in any way subject to such person's debts, contracts, or engagements, nor to any judicial processes to levy upon, attach, or garnishee the same for payment thereof."

Maude McKean assigned the "certificate" to her sister-in-law, Bessie F. Klegin, which assignment the insurance company refused to honor under the terms of the supplemental contract between it and Mrs. McKean. Subsequent to that incident, Mrs. McKean handed the "certificate" to Mrs. Klegin and stated that she was disappointed that the beneficiary could not be changed through the insurance company but that she wanted Mrs. Klegin, nevertheless, to have the "certificate." Upon the death of Maude McKean, the executor listed the "certificate" as an asset of her estate.

The holding of the Probate Court was based on its finding that the supplemental contract between the decedent, Maude McKean, and the insurance company was a "certificate of deposit" and as such was subject to the right of disposal as a gift inter vivos. It is our opinion that the "non-negotiable certificate of indebtedness" is not a "certificate of deposit" since the rights of the decedent were limited and circumscribed by the specific terms contained in it. Said supplemental contract afforded the decedent the lone power of withdrawing funds on only one occasion in any one contract year with the specific proviso that such lone power "shall not pass to or be exercised by any attorney, trustee, assignee, or any other person in her stead or upon her behalf." It also provided that the person entitled to the proceeds shall not be permitted to alienate or assign the same. These provisions were for the benefit of both parties to the contract and binding on each. Since the funds were at all times subject to the provisions of the supplemental contract affording no right of alienation or assignment, the decedent, during her lifetime, did not have such dominion and control over them as to be able to transfer ownership of them to another **in praesenti**

with the parting of all interest whatever in them. As essential element of a gift inter vivos was thus impossible of fulfillment.

The funds, accordingly, became an asset of the decedent's estate upon her death.

Judgment reversed and final judgment for the appellant.

Exceptions noted.

HURD, PJ, KOVACHY and SKEEL, JJ, concur.